FILED'10 NOV 10 11:10USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GALE GUNDERSON,                                    08-CV-183-BR

        Plaintiff,                                OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

TIM D. WILBORN
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, Oregon  97045
(503) 632-1120

        Attorney for Plaintiff

1  -  OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
**WILLY M. LE**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2522

        Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff Gale

Gunderson's Application for Fees (#29) in which he seeks

$11,811.27 in attorneys' fees pursuant to the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412.

     For the reasons that follow, the Court **GRANTS** Plaintiff's

request for **$11,811.27** in attorneys' fees pursuant to the EAJA.


                          **BACKGROUND**

     Plaintiff filed his application for Disability Insurance

Benefits (DIB) on April 2, 2003, and for Supplemental Security

Income (SSI) on February 24, 2003.  The applications were denied

initially and on reconsideration.  An Administrative Law Judge

2  -  OPINION AND ORDER

(ALJ) held a hearing on August 10, 2005, which was continued to March 16, 2006, for the purpose of obtaining additional medical evidence.    Plaintiff was represented by an attorney at both hearings.

On July 26, 2006, the ALJ issued a decision in which she found Plaintiff is not disabled and, therefore, is not entitled to Social Security benefits.    In her decision denying benefits to Plaintiff, the ALJ found, *inter alia*, that Plaintiff's anxiety disorder is a severe impairment.    In her assessment of the Plaintiff's mental impairment, the ALJ described Plaintiff's resulting functional limitations generally in terms of whether they were "marked" or not.    On December 8, 2007, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

This Court reviewed the Commissioner's denial of benefits pursuant to its authority under 42 U.S.C. § 1383(c).    After reviewing the record, the Court upheld the decision of the Commissioner on April 7, 2009, and dismissed this matter.

On June 8, 2008, Plaintiff appealed to the Ninth Circuit Court of Appeals.    Upon *de novo* review, the Ninth Circuit reversed this Court's decision and remanded the matter for further administrative review on the basis that the ALJ failed to employ the "special technique" set out in 20 C.F.R. § 404.1520a for assessing the limitations and restrictions that result from a

3   -   OPINION AND ORDER

claimant's mental impairments.

On July 19, 2010, Plaintiff filed his request for attorneys' fees pursuant to EAJA in this Court.

## STANDARDS

Under EAJA the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if

> (1) the plaintiff is the prevailing party,
> (2) the government has not met its burden to
> show that its positions were substantially
> justified or that special circumstances make
> an award unjust, and (3) the requested
> attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.

4 - OPINION AND ORDER

2002). The Commissioner's positions are substantially justified
if they are reasonably based in both law and fact. *Id.* (citing
*Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The
Commissioner's failure to prevail on the merits of his positions
does not raise a presumption of unreasonableness. *U.S. v.
Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*,
854 F.2d 329, 332 (9th Cir. 1988)).

Under EAJA the hourly rate for attorneys' fees is capped at
$125.00, but the statute allows the Court to make adjustments for
cost of living or other appropriate "special factor[s]." 28
U.S.C. § 2412(d)(2)(A). If the government acts in bad faith,
however, fees may be awarded at the market rate rather than at
the EAJA-mandated rate. 28 U.S.C. §§ 2412(b), (c). *See also
Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)("The
district court may award attorney fees at market rates for the
entire course of litigation . . . if it finds that the fees
incurred during the various phases of litigation are in some way
traceable to the Secretary's bad faith."). The "bad faith
exception is 'a narrow one,' typically invoked in cases of
'vexatious, wanton, or oppressive conduct.'" *Id.* at 495 (quoting
*Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir. 1987), and citing
*F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417
U.S. 116 (1979)). The bad faith exception "is punitive, and the
penalty can be imposed 'only in exceptional cases and for

5 - OPINION AND ORDER

dominating reasons of justice.'" *Beaudry Motor Co. v. Abko Prop. Inc.*, 780 F.2d 751, 756 (9th Cir. 1986)(quoting *United States v. Standard Oil Co.*, 603 F.2d 100, 103 (9th Cir. 1979)).

## DISCUSSION

As noted, Plaintiff seeks a total of $11,811.27 in attorneys' fees for the 68.3 hours expended to litigate this matter. Plaintiff seeks $172.85 per hour for 29.7 hours expended in 2008, $172.24 per hour for 26.45 hours expended in 2009, and $174.64 for 12.15 hours expended in 2010 to prosecute this matter.

Plaintiff contends he is entitled to attorneys' fees because the government's positions were without substantial justification with respect to each of the errors asserted by Plaintiff. Specifically, Plaintiff contends the government was without substantial justification when it took the position that the ALJ did not err when she failed to analyze and to "rate" the functional limitations resulting from Plaintiff's mental impairment in accordance with 20 C.F.R. § 404.1520a.

Defendant, in turn, contends its positions were substantially justified and, in particular, asserts the record reflects even though Plaintiff's mental impairment is severe, it does not have any significant effect on Plaintiff's ability to perform work-related functions.

6   -   OPINION AND ORDER

I.   **Substantial Justification.**

Plaintiff specifically contends the government's position

with respect to the ALJ's assessment of Plaintiff's mental

impairment was not substantially justified.  As Plaintiff pointed

out in his opening brief, Social Security Regulations prescribe a

special technique that ALJs "must" follow to evaluate a

claimant's mental impairments.  20 C.F.R. § 404.1520a.  Section

404.1520a provides:

> (b) Use of the technique.
>
>> (1) Under the special technique, we must
>> first evaluate your pertinent symptoms,
>> signs, and laboratory findings to
>> determine whether you have a medically
>> determinable mental impairment(s).  See
>> § 404.1508 for more information about
>> what is needed to show a medically
>> determinable impairment.  If we
>> determine that you have a medically
>> determinable mental impairment(s), we
>> must specify the symptoms, signs, and
>> laboratory findings that substantiate
>> the presence of the impairment(s) and
>> document our findings in accordance with
>> paragraph (e) of this section.
>>
>> (2) We must then rate the degree of
>> functional limitation resulting from the
>> impairment(s) in accordance with
>> paragraph (c) of this section and record
>> our findings as set out in paragraph (e)
>> of this section.
>
> (c) Rating the degree of functional
> limitation.
>
> * * *
>
>> (4) When we rate the degree of
>> limitation in the first three functional

> areas (activities of daily living;
> social functioning; and concentration,
> persistence, or pace), we will use the
> following five-point scale:  None, mild,
> moderate, marked, and extreme.  When we
> rate the degree of limitation in the
> fourth functional area (episodes of
> decompensation), we will use the
> following four-point scale: None, one or
> two, three, four or more.  The last
> point on each scale represents a degree
> of limitation that is incompatible with
> the ability to do any gainful activity.

Plaintiff contends the Commissioner's defense of the ALJ's

failure to perform the analysis required by § 404.1520a was not

substantially justified because the ALJ did not perform the

mandatory analysis as required by the Social Security Regulations

to assess a claimant's mental impairment.

Although the ALJ found Plaintiff's anxiety to be a severe

impairment, the ALJ only stated Plaintiff did not have marked

limitations:  "He does not have any marked or frequent Part B

limitations.  His disorders do not markedly interfere with social

functions, nor with concentration, persistence and pace.  No

extended episodes of decompensation are alleged."  Tr. 27.  In

its decision to remand this matter, however, the Ninth Circuit

held "the regulations required the ALJ to identify and record

where [Plaintiff]'s limitations exactly fell along the following

five-point scale—none, mild, moderate, marked, and extreme—for

each of those functional areas."  Thus, the Ninth Circuit

remanded this matter for further proceedings and required the ALJ

8  -  OPINION AND ORDER

to "make specific findings as to the degree of [Plaintiff]'s
limitations in each of the paragraph B functional areas as
required by section 404.1520a and to proceed with the remainder
of the five-step sequential analysis in light of those findings."

In his Response to Plaintiff's Application for Fees, the
Commissioner contends his position that the ALJ properly assessed
Plaintiff's mental impairment was substantially justified.  The
Commissioner asserts the ALJ's finding that Plaintiff's testimony
was not credible undermined Plaintiff's allegations of mental
impairment.  Although the Commissioner is correct that
Plaintiff's lack of credibility may have been a basis for the ALJ
to discount Plaintiff's allegations of limitations related to
Plaintiff's anxiety disorder, such a finding does not relieve the
ALJ of her duty to perform the analysis required by § 404.1520a
and to rate the degree of Plaintiff's limitations on the required
scale.

The Commissioner also contends the record before the ALJ did
not justify a finding that Plaintiff had any significant work-
related limitations as a result of his mental impairments.  The
Commissioner's assessment of the record at this stage, however,
is insufficient.  The ALJ was required to assess Plaintiff's
mental impairments in light of § 404.1520a and explain why the
record supported her assessment of the limitations (none, mild,
moderate, marked, extreme) on the functional areas of Plaintiff's

9  -  OPINION AND ORDER

activities of daily living; social functioning; and concentration, persistence, or pace.  The ALJ did not do so.

Finally, the Commissioner contends his position was substantially justified because "a harmless error finding could have been applied" to the ALJ's failure to follow § 404.1520a. The Ninth Circuit, however, held the record was insufficient to determine whether the ALJ's decision would have been different if she had complied with § 404.1520a.  Thus, the Ninth Circuit concluded the harmless-error exception was inapplicable. Moreover, the mere susceptibility of an error by the ALJ to the harmless-error exception is not enough standing alone to justify the Commissioner's defense of the ALJ's conclusions.  In any event, the Commissioner did not assert the ALJ's error was harmless in its Response to Plaintiff's opening brief nor did the Commissioner directly address the portion of Plaintiff's opening brief that specifically asserted the ALJ's failure to comply with § 404.1520a.

In light of the Ninth Circuit's decision, the Court finds the government's position that the ALJ properly analyzed Plaintiff's mental impairments was without substantial justification because it was not reasonably based in law in light of the mandatory requirements of § 404.1520a.  The Court, therefore, need not address Plaintiff's additional arguments that the Commissioner's positions were without substantial

10 -  OPINION AND ORDER

justification. *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007)("[T]he government must show that *all* of these positions were substantially justified in order to avoid an award of EAJA fees.")(emphasis added).

## II. Reasonableness of Plaintiff's Attorneys' Fee Request.

As noted, Plaintiff seeks a total of $11,811.27 in attorneys' fees at $172.85 per hour for 29.7 hours expended in 2008, $172.24 per hour for 26.45 hours expended in 2009, and $174.64 for 12.15 hours expended in 2010 to prosecute this matter. The Commissioner does not object to these hourly rates, and the Court notes the rates are within the statutory cap on hourly rates provided for under EAJA. The Commissioner also does not object to the number of hours for which fees are sought.

The Court notes other courts have concluded a similar number of hours is reasonable. *See, e.g., Johnson v. Astrue*, No. 07-CV-2387, 2008 WL 3984599, at *2 (N.D. Cal. Aug. 27, 2008)(57 hours reasonable); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004)(61.1 hours reasonable). Here Plaintiff had to litigate the matter through appeal to secure the beneficial result of a remand from the Ninth Circuit. The Court, therefore, concludes in light of the length of the litigation, the successful efforts by Plaintiff's attorney on behalf of Plaintiff, and Plaintiff's submissions in support of his Application for Fees, Plaintiff's request for attorneys' fees and

11 - OPINION AND ORDER

costs is reasonable.

Accordingly, the Court awards Plaintiff a total of $11,811.27 in attorneys' fees pursuant to EAJA.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's request for **$11,811.27** in attorneys' fees pursuant to EAJA.

IT IS SO ORDERED.

DATED this 9th day of November, 2010.

_____
ANNA J. BROWN
United States District

12 -  OPINION AND ORDER