IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GALE GUNDERSON,                                    08-CV-183-BR

       Plaintiff,                              OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


TIM D. WILBORN
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, Oregon  97045
(503) 632-1120

       Attorneys for Plaintiff


1   -   OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
**WILLY M. LE**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2522

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Gale Gunderson's Unopposed Motion (#39) for Attorney Fees pursuant to 42 U.S.C. § 460(b) in which Plaintiff's counsel seeks $14,610.50 in attorneys' fees.

For the reasons that follow, the Court **GRANTS** Plaintiff's request for attorneys' fees pursuant to § 406(b) and **AWARDS** Plaintiff's counsel **$14,610.50 in attorneys' fees less the Court's award of $11,811.27** pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

2   -   OPINION AND ORDER

## BACKGROUND

Plaintiff filed his application for Disability Insurance Benefits (DIB) on April 2, 2003, and for Supplemental Security Income (SSI) on February 24, 2003. The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 10, 2005, which was continued to March 16, 2006, for the purpose of obtaining additional medical evidence.

On July 26, 2006, the ALJ issued a decision in which she found Plaintiff is not disabled and, therefore, is not entitled to Social Security benefits. On December 8, 2007, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

This Court reviewed the Commissioner's denial of benefits pursuant to its authority under 42 U.S.C. § 1383(c). After reviewing the record, the Court upheld the decision of the Commissioner on April 7, 2009, and dismissed this matter.

On June 8, 2008, Plaintiff appealed to the Ninth Circuit Court of Appeals. Upon *de novo* review, the Ninth Circuit reversed this Court's decision and remanded the matter for further administrative proceedings on the basis that the ALJ

> failed to properly adhere to the procedures and apply the 'special technique' set forth in 20 C.F.R. § 404.1520a . . . used by "adjudicators to assess an individual's limitations and restrictions from a mental impairment[] in categories identified in the

3 -   OPINION AND ORDER

>'paragraph B' and 'paragraph C' criteria of
>the adult mental disorders listings."

On July 19, 2010, Plaintiff filed in this Court his opposed request for attorneys' fees pursuant to EAJA. In its Opinion and Order issued on November 10, 2010, the Court granted Plaintiff's request for attorneys' fees in the sum of $11,811.27.

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense." *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits

4    -    OPINION AND ORDER

claimants in court." *Id*. at 807. Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue*, 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

The Ninth Circuit noted in *Crawford v. Astrue* that § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'" 586 F.3d 1142, 1152 (9th Cir. 2008)(quoting *Gisbrecht*, 535 U.S. at 808). In *Crawford* the Ninth Circuit reinforced the factors set out by the Supreme Court in *Gisbrecht* that district courts should test to determine the reasonableness of the contingent-fee amount: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 1151-52.

**DISCUSSION**

**I.   Attorneys' fee agreement.**

Plaintiff states he entered into a contingent-fee agreement with his counsel.  The Court has reviewed the fee agreement in which Plaintiff agreed to pay his counsel the greater of (1) 25 percent of the past-due benefits resulting from Plaintiff's claim or (2) such amount as Plaintiff's attorneys were able to obtain pursuant to EAJA that did not exceed 25% of Plaintiff's awarded past-due benefits.  The Court notes this type of contingency-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases and does not exceed the statutory standard.  *See Gisbrecht*, 535 U.S. at 807.

**II.  Reasonableness of attorneys' fees requested.**

As noted, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors that a court may consider:  the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits compared "to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel.  *Id*. at 808.  No single factor is dispositive.  *Id*.  The

6  -   OPINION AND ORDER

district court's decision with respect to a fee award "qualif[ies] for highly respectful review."  *Id*.

Here Plaintiff requests fees of $14,610.50 pursuant to the contingency-fee agreement between Plaintiff and his counsel.  A review of the record establishes Plaintiff's counsel was able to secure an award of past benefits for Plaintiff through litigation at the federal district-court and appellate-court levels after Plaintiff had sought and been denied benefits by an Administrative Law Judge and that decision had been upheld by this Court. Plaintiff's counsel provided competent, capable representation that successfully secured over $58,000 in past-due benefits for Plaintiff.  Moreover, the record reflects counsel did not cause any undue delay of Plaintiff's claim.  Counsel sought only two extensions of time for good cause in the more than three years after filing the Complaint in this matter.

As a check against any windfall to Plaintiff, the Court also has considered the hourly rate that the contingency fee would yield under a lodestar calculation.  The Court has carefully reviewed the billing records that Plaintiff's counsel submitted in support of their EAJA fee application and finds the 68.3 hours expended to secure Plaintiff's benefits are reasonable.  The resulting hourly rate under a lodestar analysis would be $213.92, which the Court concludes does not result in a windfall to counsel.  As counsel notes, such a rate does not compensate counsel adequately for the

7   -   OPINION AND ORDER

contingent nature of their work.  The Court also notes Plaintiff's out-of-pocket payment for counsel's services is $2,799.23 after the attorneys' fees requested by counsel are offset by the EAJA fees already awarded to counsel.

The Court also takes into consideration the fact that counsel only represents Social Security claimants and must take claims such as these on a contingency-fee basis.  In addition, the Court notes the Ninth Circuit addressed in *Crawford* the significant general risks faced by practitioners who serve claimants seeking Social Security benefits, including protracted litigation; multiple remands and appeals; and, at best, a long delay of payment or, at worst, nonpayment.  *See Crawford*, 586 F.3d at 1149-52.  The Court concludes these general risks were present in this matter as set out by Plaintiff's counsel.

Accordingly, the Court concludes a continency-fee award of $14,610.50, which is 25 percent of the past-due benefits obtained by counsel on Plaintiff's behalf,[1] is reasonable.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's request for

---

[1] Counsel points out that even though Plaintiff's award letter (Exhibit 1 to Plaintiff's Memorandum in Support of his Motion for Attorney Fees) reflects past-due benefits of $60,464.00, that figure improperly included three months of retroactive benefits.  As such, counsel seeks 25% of $58,442.00 ($14,610.50), which counsel states is the accurate total of past-due benefits owed to Plaintiff.

8    -    OPINION AND ORDER

attorneys' fees pursuant to § 406(b) and **AWARDS** Plaintiff's counsel **$14,610.50 in attorneys' fees less the Court's award of $11,811.27** in EAJA fees.  See *Gisbrecht*, 535 U.S. at 796.

    IT IS SO ORDERED.

    DATED this 6th day of September, 2011.

                                      /s/ Anna J. Brown

                                      ANNA J. BROWN
                                      United States District Judge